IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **VERNON DEWAYNE CROCKETT,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-0066-A |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Vernon Dewayne Crockett, TDCJ-ID #868772, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Midway, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 1998, Crockett was charged by separate indictment in the Criminal District Court Number

Three of Tarrant County, Texas, with murder and engaging in organized criminal activity in Case No. 0704438AR and engaging in organized criminal activity and attempted murder in Case No. 0704443AR. (1State Habeas R. at 29; 2State Habeas R. at 27.)[1] On February 22, 1999, a jury found Crockett guilty of the offenses, and, on March 29, 1999, the trial court assessed lengthy prison sentences. (1State Habeas R. at 30; 2State Habeas R. at 28.) The Second Court of Appeals affirmed Crockett's convictions on August 10, 2000. *Crockett v. Texas*, Nos. 2-99-155-CR & 2-99-156-CR (Tex. App.–Fort Worth Aug. 10, 2000, no pet.) (not designated for publication). Crockett did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.)

Crockett filed two applications for writ of habeas corpus in state court challenging his convictions. Both were filed on September 3, 2003, and both were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on January 28, 2004. *Ex parte Crockett*, Appl. Nos. 57,830-01 & 57,830-02, at cover. Crockett filed this petition for writ of habeas corpus on January 18, 2006.[2] Dretke has filed a preliminary response addressing only the issue of limitations, to which Crockett has replied.

D. ISSUES

Crockett contends he received ineffective assistance of appellate counsel because counsel failed to inform him of his right to file a petition for discretionary review. (Petition at 7.)

---

[1] "1State Habeas R." refers to the state court record in Crockett's state habeas Application No. 57,830-01; "2State Habeas R." refers to the state court record in his state habeas Application No. 57-830-02.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A).[3] The trial court's judgments became final and the one-

---

[3]There are no allegations that the state imposed an unconstitutional impediment to the filing of Crockett's petition for federal relief, that the Supreme Court has announced a new rule(s)
(continued...)

3

year limitations period began to run upon expiration of the time that Crockett had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on September 9, 2000, and expired one year later on September 9, 2001, absent any tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); TEX. R. APP. P. 68.2.

Crockett is not entitled to statutory tolling during the pendency of his state habeas applications because the applications were filed on September 3, 2003, nearly two years after the federal limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Crockett entitled to additional tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Crockett asserts that his appellate counsel failed to inform him of the deadline for filing a pro se petition for discretionary review after his convictions were affirmed and that he lacked the knowledge and understanding of the law regarding the import of the "lost time." (Pet'r Reply at 2.) Although state law requires appellate counsel to notify their clients of a right to petition for discretionary review if a direct appeal is affirmed, the constitutionally protected right to assistance of counsel ends when the direct appeal is final. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). Crockett had no constitutionally protected right to be informed of the procedures for pursuing a petition for discretionary review or state petition for a writ of habeas corpus. *See id.* Furthermore, whether

---

[3](...continued)
applicable to Crockett's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

Crockett had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the federal limitations period, as an alleged violation of that right does not toll the statute of limitations. *See Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000). Finally, as to Crockett's alleged lack of knowledge, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *See Fisher*, 174 F.3d at 714. Crockett has not demonstrated rare or exception circumstances that would justify equitable tolling.

Crockett's petition was due on or before September 9, 2001. Thus, his petition filed on January 18, 2006, is untimely.

## II. RECOMMENDATION

Crockett's petition for writ of habeas corpus should be dismissed with prejudice as time-barred. All motions not previously ruled on are denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 14, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 14, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 24, 2006.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE